UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **CHRISTOPHER JONES** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**UTI INTEGRATED LOGISTICS, INC.,** )<br>)<br>**Defendant.** )<br>) | Cause No. 1:10-cv-472-WTL-TAB |

## ENTRY ON MOTION FOR SUMMARY JUDGMENT

Before the Court is the Defendant's Motion for Summary Judgment (Docket No. 15). This motion is fully briefed, and the Court, being duly advised, now **GRANTS** the Defendant's motion for the reasons set forth below.

### I. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c)(2) provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all reasonable inferences must be drawn in the non-movant's favor. *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007). Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not

required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001).

## II.  BACKGROUND

In March 2008, Plaintiff Christopher Jones was employed by a temporary staffing agency known as Indiana Staffing Services ("Indiana Staffing").  Indiana Staffing sent Jones to work at a facility owned and operated by Defendant UTi Integrated Logistics, Inc. ("UTI").  While working at UTI, Jones injured his back while moving a pallet onto his forklift.  Jones filed suit against UTI in Marion County Superior Court.  UTI properly removed the case to this Court and has now filed for summary judgment.

## III.  DISCUSSION

The gist of UTI's motion for summary judgment is that Jones was a leased employee who worked both for UTI and for Indiana Staffing.  According to UTI, because Jones was a leased employee, his sole remedy is under Indiana's Worker's Compensation Act (the "Act").  In other words, UTI claims that Jones' negligence claim fails as a matter of law.  In response, Jones argues that the determination of whether Jones was an employee of UTI is a question of fact not appropriate for summary judgment.  Unfortunately, Jones' argument ignores a persuasive decision from the Indiana Court of Appeals, *Kenwal Steel Corp. v. Seyring*, 903 N.E.2d 510 (Ind. Ct. App. 2009).

The plaintiff in *Kenwal Steel* was employed by a temporary staffing agency known as Elwood Staffing.  In July 2005, Elwood Staffing placed the plaintiff, John Seyring, at a facility owned and operated by Kenwal Steel Corporation ("Kenwal").  Nine months later, in April 2006, Seyring was injured in a workplace accident.  *See Kenwal Steel*, 903 N.E.2d at 511.  Seyring

filed a worker's compensation claim against Elwood Staffing. He also sued Kenwal for negligence. Kenwal ultimately moved to dismiss Seyring's claim. When the trial court denied Kenwal's motion, it appealed, arguing that because Seyring was a temporary employee, Elwood Staffing and Kenwal were joint employers under the Act. Therefore, Kenwal could not be sued in negligence because the Act provided Seyring's sole remedy. *See id.* at 512.

The Indiana Court of Appeals noted that according to the Act, "[b]oth a lessor and a lessee of employees shall each be considered joint employers of the employees provided by the lessor to the lessee for purposes of IC 22-3-2-6 and IC 22-3-3-31." IND. CODE 22-3-6-1(a). Indiana Code 22-3-2-6 is the exclusive remedy provision of the Act. Indiana Code 22-3-3-31 requires joint employers to contribute to the payment of compensation for injuries or death in proportion to their wage liability.

The court then endeavored to construe the meaning of IND. CODE 22-3-6-1(a). Ultimately, the court concluded that "Elwood [Staffing] was the lessor of Seyring, Kenwal was the lessee of Seyring, and they were joint employees of Seyring for purposes of Indiana Code Section 22-3-6-1(a)." *Kenwal Steel*, 903 N.E.2d at 515. Therefore, "Seyring [wa]s limited to the exclusive remedy provision of the Act." *Id*. at 516. The court noted that this interpretation of IND. CODE 22-3-6-1(a) was "consistent with the underlying policy and goals of the Act," *id.*, and "eliminate[d] the potential for disparate treatment between a permanent employee and a temporary employee who do the same job and suffer the same injuries in an accident." *Id*. at 515 n.7. Because of the court's holding, it was unnecessary to "analyze the employment relationship between Kenwal and Seyring under the seven-factor test." *Id*. at n.8.

The facts of *Kenwal Steel* are strikingly similar to the facts in the instant case. Like the

3

plaintiff in *Kenwal Steel*, Jones was employed by a temporary employment agency (Indiana Staffing) and was leased to UTI. Although this Court is not bound by the Indiana Court of Appeals' decision, it does find *Kenwal Steel* to be persuasive and well-reasoned. Applying the reasoning from *Kenwal Steel*, and viewing the evidence of record in the light most favorable to Jones, the Court concludes that Jones was an employee of both Indiana Staffing and UTI. Indiana Staffing Services was the lessor of Jones, UTI was the lessee of Jones, and according to IND. CODE 22-3-6-1(a), UTI and Indiana Staffing were joint employees of Jones. Accordingly, Jones is limited to the exclusive remedy provision of the Act and he may not sue UTI for negligence.

## **CONCLUSION**

For the foregoing reasons, the Defendant's Motion for Summary Judgment (Docket No. 15) is **GRANTED**.

SO ORDERED: 01/21/2011

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Kelly R. Thompson
Thompson Legal Services
kerthomp@sbcglobal.net

Libby Sue Valos Moss
Kightlinger & Gray
lmoss@k-glaw.com